UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SHELLY MEMNON,

     **Plaintiff,**

v.                             **Case No: 5:26-cv-159-WWB-PRL**

COMMISSIONER OF SOCIAL
SECURITY,

     **Defendant.**

_____

### ORDER

Plaintiff Shelly Memnon, proceeding *pro se*, filed this action against the Commissioner of Social Security ("Commissioner"), challenging a decision by the Commissioner regarding Supplemental Security Income ("SSI") benefits for her son. (Doc. 1). Plaintiff seeks to proceed in forma pauperis. (Doc. 2). For the reasons explained below, Plaintiff's Motion to Proceed in Forma Pauperis is taken under advisement, and in an abundance of caution, Plaintiff will be permitted to amend the complaint.

### I.    BACKGROUND

On March 2, 2026, Plaintiff initiated this action against the Commissioner by filing a "Complaint for Review of a Social Security Disability or Supplemental Security Income Decision" under Title XVI of the Social Security Act. (Doc. 1). In the "Parties to This Complaint" section of the form complaint, Plaintiff lists her contact information, including her street address, which is located in Miami, Florida. (*See id*. at p. 3). Simultaneously with the filing of her complaint, Plaintiff filed a Motion to Proceed in Forma Pauperis. (Doc. 2). In the motion, Plaintiff lists Miami, Florida, as her legal residence. (*See id*. at p. 5).

Based on the sparse allegations in Plaintiff's complaint, it appears Plaintiff seeks judicial review of a decision by the Commissioner regarding SSI benefits for her son. (*See* Doc. 1 at pp. 2-3). Plaintiff's complaint alleges that "[she] proved several times that [her] son is disabled and his rights [were] being violated and ignored." (*See id*. at p. 2). Plaintiff contends that the Commissioner's decision issued on October 7, 2025 was based on legal error because "the decision was unfair, [unconstitutional,] and bias[ed] [a]nd violated h[er] [son's] rights[.]" (*See id*.).

On March 5, 2026, the Court issued an Order to Show Cause directing Plaintiff to show cause why the case should not be transferred to the United States District Court for the Southern District of Florida, Miami Division. (Doc. 4). On March 16, 2026, Plaintiff filed a response to the Court's Order to Show Cause, which is labeled as a "Motion for Miscellaneous Relief, specifically to Keep Case in this Court" on the docket, stating that she seeks to keep this case (which has no connection to the Middle District of Florida) in this Court "because [her and her son's] [r]ights [a]re and is continuing to be violated and [they] are still homeless and [she] won[']t stop filing until [they] get a jury trial and justice[.]" (Doc. 5).

Notably, prior to filing this action, Plaintiff filed four other actions in the Middle District of Florida. *See, e.g.*, *Memnon et al. v. Commissioner of Social Security*, No. 8:25-cv-03105-KKM-CPT, at doc. 3 (M.D. Fla. Dec. 5, 2025) (dismissing case without prejudice for plaintiffs' failure to either pay the filing fee or move to proceed in forma pauperis as directed by the court); *Memnon v. Fernandez Rundle et al.*, No. 8:25-cv-03107-JLB-NHA, at doc. 7 (M.D. Fla. Jan. 7, 2026) (transferring action to the United District Court for the Southern District of Florida, Miami Division); *Memnon v. Eleventh Judicial Circuit Court et al.*, No. 8:26-cv-00164-

TPB-SPF, at doc. 3 (M.D. Fla. Feb. 26, 2026) (dismissing case without prejudice for plaintiff's failure to file a timely response to the Court's order to show cause, establishing a basis for venue within the Middle District of Florida); *Memnon v. Levine Cava et al.*, No. 8:26-cv-00162-MSS-TGW, at doc. 5 (M.D. Fla. Mar. 17, 2026) (recommending that plaintiff's amended complaint be dismissed with prejudice because the amended complaint constitutes an impermissible shotgun pleading and fails to comply with the Federal Rules of Civil Procedure).

## II.    LEGAL STANDARDS

An individual may be allowed to proceed in forma pauperis if she declares in an affidavit that he is unable to pay such fees or give security therefor. *See* 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See id*. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *See id*.

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) (internal quotations omitted); *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that an action is frivolous if "it lacks an arguable basis either in law or in fact"); *Jackson v. Farmers Ins. Grp./Fire Ins. Exch.*, 391 F. App'x 854, 856 (11th Cir. 2010) (per curiam) (defining a frivolous case as one containing "clearly baseless" factual allegations or one based on an "indisputably meritless" legal theory) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam)). Indeed, "[i]ndigence does not create a constitutional right to the expenditure of public funds and the

valuable time of the courts in order to prosecute an action which is totally without merit." *See Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citation omitted).

In evaluating a complaint under § 1915, courts must liberally construe *pro se* filings and hold them to less stringent standards than papers drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But courts cannot act as counsel for plaintiffs or rewrite pleadings. *See United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021). *Pro se* litigants must still comply with the procedural rules applicable to ordinary civil litigation. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

Nevertheless, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *See id*. (quoting *Twombly*, 550 U.S. at 555). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests" and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *See Twombly*, 550 U.S. at 555 (citations omitted). Although a court must accept as true well-pleaded allegations, it is not bound to accept a legal conclusion stated as a "factual allegation" in the complaint. *See id*.; *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (citations omitted); *Franklin v. Curry*, 738

F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam) (stating that the court "afford[s] no presumption of truth to legal conclusion and recitations of the basic elements of a cause of action") (citations omitted).

Subject-matter jurisdiction is a threshold issue in any case pending in the United States District Court. Federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *See Univ. of So. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). "[A] court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir. 2001); *see Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking. *See Univ. of So. Ala.*, 168 F.3d at 410; *Fitzgerald*, 760 F.2d at 1251. If a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See* Fed. R. Civ. P. 12(h)(3); *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000) ("[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction.").

## III.   DISCUSSION

### A. Subject-Matter Jurisdiction

At the outset, Plaintiff has failed to establish that this Court has subject-matter jurisdiction over her claims. Under 42 U.S.C. § 1383(c)(3), the Commissioner's decision regarding SSI is subject to judicial review as provided in 42 U.S.C. § 405(g). *See* 42 U.S.C. § 1383(c)(3). Section 405(g) of the Social Security Act provides, in relevant part, that "[a]ny individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . ." *See* 42 U.S.C. § 405(g) (emphasis added). The Social Security Act precludes judicial review absent a "final decision," *see Califano v. Sanders*, 430 U.S. 99, 108 (1977), and clarifies that judicial review set forth in 42 U.S.C. § 405(g) is exclusive: "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." *See* 42 U.S.C. § 405(h); *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000) (stating that § 405(h) "make[s] exclusive the judicial review method set forth in § 405(g). . . . in a typical Social Security . . . benefits case, where an individual seeks a monetary benefit from the agency [such as] a disability payment, . . . the agency denies the benefit, and the individual challenges the lawfulness of that denial").

The Social Security Act "does not define 'final decision,' instead leaving it to the [Social Security Administration] to give meaning to that term through regulations." *See Sims v. Apfel*, 530 U.S. 103, 106 (2000) (citations omitted). The Social Security Administration ("SSA") regulations, in turn, provide that the agency will have made a "final decision" only after a claimant has completed the following four-step administrative review process: (1)

initial determination, (2) reconsideration, (3) a hearing before an ALJ and a decision; and (4) a request for review of the ALJ's decision by the Appeals Council or denial thereof. *See* 20 C.F.R. § 416.1400(a); *Anderson v. Comm'r, SSA*, 544 F. App'x 861, 861-62 (11th Cir. 2013) (per curiam).

Therefore, to obtain judicial review of an agency decision under § 405(g), the claimant must have: (1) "presented a claim for benefits" to the SSA; and (2) "exhausted [her] administrative remedies," meaning that the claimant completed each of the steps of the administrative review process, unless exhaustion has been waived. *See Crayton v. Callahan*, 120 F.3d 1217, 1220 (11th Cir. 1997); *Comack v. Comm'r, Soc. Sec. Admin.*, No. 23-11115, 2024 WL 4719238, at *2 (11th Cir. Nov. 8, 2024) (per curiam). If a claimant fails to allege that she exhausted her administrative remedies, "there is no final [agency] decision and, as a result, no judicial review[.]" *See Sims*, 530 U.S. at 107 (citations omitted). "In administrative-law parlance, such a claimant may not obtain judicial review because [s]he has failed to exhaust administrative remedies." *Id*.

In this case, Plaintiff has failed to allege that she exhausted her or her son's administrative remedies by obtaining a final decision from the Commissioner, or filed an appeal of the decision before filing this suit. Although Plaintiff contends that she is seeking review of a decision by the Commissioner (*see* Doc. 1 at pp. 2-3), Plaintiff has not attached any such decision to her complaint. Further, Plaintiff's complaint does not allege that she sought administrative review of that decision to the Appeals Council, nor is there any indication that the Appeals Council denied such a request for review. *See* 20 C.F.R. § 416.1400(a) (detailing the four-step administrative review process). In the absence of any suggestion that Plaintiff has obtained such a final decision, there can be no judicial review.

*See, e.g.*, *Chapel v. Soc. Sec. Admin., Comm'r*, No. 24-11483, 2025 WL 1638846, at \*1 (11th Cir. June 10, 2025) (per curiam) (recognizing that if a claimant fails to exhaust his administrative remedies, "there is no final decision and no judicial review") (citations omitted); *Mantz v. Soc. Sec. Admin.*, 486 F. App'x 845, 846 (11th Cir. 2012) (per curiam) (concluding that the court lacked jurisdiction to consider complaint where social security claimant failed to exhaust her administrative remedies); *Bello v. Comm'r of Soc. Sec.*, 460 F. App'x 837, 839 (11th Cir. 2012) (per curiam) (affirming dismissal and stating that "[a] district court's jurisdiction to review claims arising under the Social Security Act is limited by 42 U.S.C. § 405(g), which permits review only after any final decision of the Commissioner of Social Security made after a hearing") (citations and internal quotation marks omitted); *Severe-Smith v. Kijakazi*, No. 0:22-cv-61451-KMM, 2022 WL 16856271, at \*1 (S.D. Fla. Nov. 10, 2022) (dismissing plaintiff's complaint, finding that the court lacked jurisdiction over the social security matter because plaintiff's complaint did "not unambiguously establish that [p]laintiff has exhausted the administrative review process"). Therefore, even assuming Plaintiff's claims are being brought pursuant to § 405(g), it does not provide the Court with jurisdiction under the circumstances presented here based on Plaintiff's failure to establish that she exhausted administrative remedies.

### B. Action Brought on Child's Behalf

Additionally, it appears that Plaintiff seeks relief on behalf of her son. (*See* Doc. 1; Doc. 5). Although individual parties in federal court generally "may plead and conduct their own cases personally or by counsel," *see* 28 U.S.C. § 1654, the right to appear *pro se* "is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others." *See FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir.

2015) (per curiam) (quoting *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997), *overruled on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007)). Consequently, "parents who are not attorneys may not bring a *pro se* action on their child's behalf." *See FuQua*, 615 F. App'x at 612 (quoting *Devine*, 121 F.3d at 581). "Therefore, although a parent may file an application for disability benefits on her child's behalf and may seek review of a decision denying benefits, a parent may not bring a *pro se* action on the child's behalf." *Figueroa v. Comm'r of Soc. Sec.*, No. 8:16-cv-1343-T-33JSS, 2016 WL 11578639, at *2 (M.D. Fla. Sept. 1, 2016), *report and recommendation adopted*, 2016 WL 11578640 (M.D. Fla. Sept. 23, 2016) (citing *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 449 (11th Cir. 2008) (per curiam)); *see Whitehurst*, 306 F. App'x at 449 (providing that although Federal Rule of Civil Procedure 17 authorizes a guardian to sue on behalf of a minor child, a non-lawyer parent cannot represent a child in an action on the child's behalf); *Peake ex rel. K.R.D. v. Comm'r of Soc. Sec.*, No. 6:06-cv-1863-ORL-KRS, 2008 WL 495377, at *1 (M.D. Fla. Feb. 20, 2008) (stating that "parents do not have the right to represent their children in federal court" under the law of the Eleventh Circuit).

Here, there is no indication that Plaintiff is an attorney. Therefore, Plaintiff, as a non-attorney, may not bring a *pro se* action on her son's behalf or otherwise represent him in this action. *See Warner v. Sch. Bd. of Hillsborough Cnty., Fla.*, No. 23-12408, 2024 WL 2053698, at *3 (11th Cir. May 8, 2024) (per curiam) ("This Court, however, is bound by our precedent, which holds that a parent may not advance his child's cause of action *pro se*.") (citations omitted).

## C. Venue

As a final matter, Plaintiff fails to establish that venue for this action is proper in the Middle District of Florida. Venue for civil actions concerning Social Security benefits is governed by 42 U.S.C. § 405(g). *See* 42 U.S.C. § 405(g). Section 405(g) provides that an action for judicial review of any final decision of the Commissioner of Social Security "*shall* be brought in the district court of the United States for the judicial district *in which the plaintiff resides*, or has h[er] principal place of business, or, if [s]he does not reside or have h[er] principal place of business within any such judicial district, in the United States District Court for the District of Columbia." *See id.* (emphasis added).

If venue is determined to be improper, the district court of the district in which the case is improperly filed "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See* 28 U.S.C. § 1406(a); *Taylor v. Forsyth*, 713 F. App'x 843, 844 n.3 (11th Cir. 2017) (per curiam) ("A district court may dismiss a suit s*ua sponte* for lack of venue if it gave the parties an opportunity to present their views on the issue.") (citation omitted); *Lipofsky v. New York State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988) (stating that a district court may raise the issue of defective venue *sua sponte*, but "the court may not dismiss [the action] without first giving the parties an opportunity to present their views on the issue") (citation omitted).

Plaintiff resides in Miami, Florida, and seeks review of a decision by the Commissioner regarding SSI benefits for her son under Title XVI of the Social Security Act. (*See* Doc. 1 at pp. 2-3; Doc. 2 at p. 5). Miami is in Miami-Dade County (formerly known as "Dade County"), which is located within the jurisdiction of the United States District Court for the Southern District of Florida. *See* 28 U.S.C. § 89(c). It does not appear from Plaintiff's

complaint that Plaintiff has any relevant connection to the Middle District of Florida, nor does it contain any information suggesting that her case was appropriately filed in this District. Based on the foregoing, this Court is not the proper venue to hear Plaintiff's claims. *See* 42 U.S.C. § 405(g).

However, in light of the issues noted above, transferring this matter to the Southern District of Florida would serve no useful purpose and constitute a waste of limited judicial resources, given that it is unclear whether Plaintiff obtained a final decision from the Commissioner. As the interest of justice would therefore not be furthered by transfer at this time, the Court will instead take Plaintiff's Motion to Proceed in Forma Pauperis under advisement, allowing Plaintiff to file an amended complaint to address the issues identified herein.

### D. Amendment

In an abundance of caution, the Court will provide the Plaintiff with an opportunity to file an amended complaint to clarify the basis of her claims and the jurisdiction over them. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief. Additionally, the amended complaint must clearly state the basis for the Court to exercise jurisdiction over Plaintiff's claims. Plaintiff should carefully consider whether she can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

Plaintiff is cautioned that, despite proceeding *pro se*, she is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website

(http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Additionally, resources and information related to proceeding in court without a lawyer, including a handbook entitled "Guide for Proceeding Without a Lawyer," can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Civil Discovery Handbook for a general discussion of this District's discovery practices (http://www.flmd.uscourts.gov/civil-discovery-handbook).

**IV.  CONCLUSION**

Accordingly, Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 2) is **TAKEN UNDER ADVISEMENT**. Plaintiff shall file an amended complaint on or before **April 22, 2026**. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure and those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute.

**DONE** and **ORDERED** in Ocala, Florida on March 25, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 12 -